UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20489-CIV-HOEVELER

ELDRICK WENDELL WOODING, SR.

> Plaintiff,

v.

STEVE P. GREENE

> Defendant.

_____/

ORDER GRANTING, IN PART, DEFENDANT'S MOTION TO DISMISS
OR FOR JUDGMENT ON THE PLEADINGS, AND ORDER DIRECTING FURTHER
BRIEFING ON THE ISSUE OF RETALIATION

This Cause comes before the Court on the Defendant's Motion to Dismiss or

Motion for Judgment on the Pleadings, filed April 24, 2008.  Defendant seeks dismissal

or judgment against Plaintiff as to Plaintiff's claims of race discrimination in

employment.  Plaintiff is proceeding without counsel in this matter, and therefore the

Court has construed the Plaintiff's filings liberally.  Plaintiff's complaints are about

treatment he received while employed by Defendant's company, Don Greene Poultry,

Inc., and actions he alleges were taken in retaliation for his earlier complaints about

discrimination.

A summary of pertinent undisputed facts reveals that this case is subject to

dismissal as to the claim of race discrimination but not as to the claim of retaliation.

## Race Discrimination (EEOC Charge No. 510 2006 03172)

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on June 28, 2006, alleging race discrimination. The matter was assigned Charge No. 510 2006 03172. On September 22, 2006, the EEOC sent a letter to Plaintiff inviting him to submit information to refute the agency's conclusions that a charge of discrimination had not been substantiated. Apparently Plaintiff did not submit further information, or at least not sufficient information to alter the agency's conclusions, as a Dismissal and Notice of Rights regarding Charge No: 510 2006 03172 was issued on September 29, 2006. Plaintiff filed his first Complaint in this Court on February 26, 2007, more than ninety (90) days after the Notice of Rights was issued and, therefore, his Complaint was untimely as to these claims of race discrimination. Defendant's request for dismissal of these claims is GRANTED.

## Retaliation (EEOC Charge No. 510 2006 03550)

On July 18, 2006, before the EEOC had completed its investigation of the earlier claims of race discrimination, Plaintiff filed another Charge of Discrimination and alleged that he was being retaliated against because of his earlier complaints. The matter was assigned Charge No. 510 2006 03550. On December 4, 2006, the EEOC sent Plaintiff a letter indicating that the agency had been unable to make contact with Plaintiff to discuss the charges, and that the employer had denied all allegations of employment discrimination. The EEOC provided ten (10) days for Plaintiff to respond to that letter and offer information supporting his claim. Again, apparently Plaintiff failed to do so, or at least did not submit persuasive evidence, as the EEOC issued a

2

Dismissal and Notice of Rights regarding Charge No. 510 2006 03550 on December 27, 2006. Plaintiff's case before this Court originally was filed on February 26, 2007[1]; thus the charges as to the retaliation claim are timely filed. Defendant's request for dismissal on the basis of timeliness therefore is DENIED as to the retaliation claim.

## **Proper Party Defendant**

Defendant argues that the Plaintiff's employer, Don Greene Poultry, Irc.,[2] was named in the EEOC charge as to retaliation, and that only the actual employer is subject to suit. However, the "particulars" of the charge mention that Defendant Steve P. Greene was the owner and that the owner had approved certain of the actions being complained of. Moreover, on August 31, 2007, Plaintiff filed a document titled "Amended" which requested that this Court "set in motion" Plaintiff's claim of discrimination against "Don Greene Poultry ... where Steve P. Greene is the Owner." Also, in Plaintiff's "Response Not to Dismiss," filed May 7, 2008, he identifies the Defendant as "Steve P. Greene Owner of Don Greene Poultry Inc. & School Food Service System." As stated above, Plaintiff is proceeding without counsel and this

---

[1]This Court dismissed Plaintiff's case without prejudice on March 13, 2007, for failure to state a claim or provide evidence of the EEOC's authorization for Plaintiff to proceed with this action. On March 25, 2007, Plaintiff filed a notice with Court that Plaintiff had not yet received final notice from the EEOC (and attached the EEOC letter dated December 4, 2006, regarding Charge No. 510 2006 03550 – which was not a Dismissal and Notice of Rights letter), and the Court again dismissed the case on May 31, 2007. As these dismissals were because the Court lacked subject matter jurisdiction, the dismissals do not preclude a decision of this case on the merts if jurisdiction is properly established at a later date.

[2]The charge consistently misspells Greene as Green.

Court must liberally construe Plaintiff's submissions.  To the extent that Plaintiff has attempted to amend his Complaint to include Don Greene Poultry Inc. as a Defendant, this Court will permit that amendment.  Finally, the Complaint was served on April 8, 2008, by the U.S. Marshals Service, to "Don Greene Poultry – Attention: Steve P. Greene."  Thus, Don Greene Poultry, Inc., had knowledge of these allegations of retaliation during the EEOC investigation and within the required time period after the Court's decision permitting the re-opening of this case, and "either knew or should have known that it was the proper party to [this case]."  Bahadirli v. Domino's Pizza, Inc., 873 F. Supp. 1528, 1534 (MD Ala. 1995).[3]

## Motion for Judgment on the Pleadings

As the Defendant's motion for judgment does not specifically address the Plaintiff's allegations of retaliation, despite including Exhibit H2 with Defendant's motion (the EEOC Charge), the motion for judgment on the pleadings is DENIED.  Thus, this case shall proceed as to the retaliation claim, and as to the employer, Defendant Don Greene Poultry, Inc.  In summary, it is

ORDERED AND ADJUDGED that Plaintiff's claims of race discrimination are

---

[3]Defendant Steve P. Greene was aware of the EEOC investigation as early as December 4, 2006, as the EEOC reports that in response to its investigation of Plaintiff's claims, the employer (Respondent, Don Greene Poultry Inc.) "contacted Mr. Greene" regarding Plaintiff's claim that Mr. Greene had authorized Plaintiff to wash other company trucks for individual private gain.  Because Defendant Steve P. Greene had knowledge of these actions at the time of the EEOC investigation, the Court would permit the matter to proceed against Defendant Greene if he were the employer.  However, it is undisputed that Plaintiff was employed by Don Greene Poultry, Inc., not by Steve P. Greene.

DISMISSED.  Plaintiff's complaint is AMENDED to include Defendant Don Greene

Poultry, Inc.  Plaintiff's claims of retaliation are DISMISSED as to Defendant Steve P.

Greene, but not as to Defendant Don Greene Poultry, Inc.

DONE AND ORDERED in Chambers in Miami this *17th* day of July 2008.


WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
Arthur Benjamin Calvin
Eldrick Endell Wooding, Sr.
2950 NW 161st Street, #A
Opa-Locka, FL 33054
Steve P. Greene
12701 NW 38th Ave.
Opa-Locka, FL 33054